IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| STETSON HUBBARD,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Defendant. | CV-23-00127-BLG-SPW<br><br><br><br>ORDER |

Plaintiff Stetson Hubbard has filed a purported Complaint on the Court's form. (Doc. 1). The Complaint fails to state a federal claim for relief and as such, is subject to dismissal. The Court concludes that he could not amend to state a claim, and thus, the Complaint will be dismissed.

## I. STATEMENT OF THE CASE

At the time of filing, Hubbard was detained at Yellowstone County Detention Facility. He is now incarcerated at Montana State Prison. He names only the State of Montana as the defendant in this matter. His claims are "ineffective counsel and deliberate indifference." (Doc. 1 at 4.) The remainder of his statements in his Complaint culminate in his conclusion that he "just want[s] to appeal [his] sentence." (Doc. 1 at 8.)

1

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Hubbard is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### A. Analysis

Hubbard's Complaint fails to state a claim for at least three reasons.

First, he has simply failed to meet Fed. R. Civ. P. 8's and *Iqbal*'s standard to allege facts that show a plausible claim. He has not identified any behavior, on the part of anyone, that could be considered a violation of his federal rights. He has, quite literally, failed to state a claim of any sort.

Second, a 42 U.S.C. § 1983 Complaint is not the mechanism by which to appeal his state court conviction or sentence. He must turn to the state courts for any appeal, sentence review, or postconviction relief regarding his state conviction. A § 1983 action cannot be used to collaterally attack a criminal conviction. *Nasby v. Nevada*, 79 F.4th 1052, 1059 (9th Cir. 2023) (citing *Heck v. Humphrey*, 512 U.S. 477, 484–86 (1994).)

Third, the State of Montana is immune from suit in this Court. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of

3

any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1997). Injunctive relief related to his conviction can only be obtained through his direct appeal in state court or postconviction relief.

## III. CONCLUSION

28 U.S.C. §§ 1915, 1915A require a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The Court concludes that the remedy Hubbard seeks, reversal of his conviction, is not appropriate for a 42 U.S.C. § 1983. Therefore, amendment would be futile.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Hubbard's Complaint is DISMISSED for failure to state a claim. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

2. The Clerk of Court shall also note in the docket that dismissal of this matter counts as a strike against Hubbard within the meaning of 28 U.S.C. § 1915.

DATED this 19th day of January, 2024.

Susan P. Watters
United States Judge